IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION

FILED

October 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03-C-01-9608-CR-00298 |
| APPELLEE, | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Richard R. Baumgartner, Judge |
| DEBRA SUE BENSON, | ) | |
| | ) | (Revocation of Probation) |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Paula R. Voss
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN  37921
(Appeal Only)

John Halstead
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN  37921
(Trial Only)

OF COUNSEL:
Mark E. Stephens
District Public Defender
1209 Euclid Avenue
Knoxville, TN  37921

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN  37243-0497

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Randall E. Nichols
District Attorney General
P. O. Box 1468
Knoxville, TN  37901-1468

Marsha L. K. Selecman
Assistant District Attorney General
P. O. Box 1468
Knoxville, TN  37901-1468

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Debra Sue Benson (defendant), appeals as of right from a judgment of the trial court revoking her probation. The defendant did not contest the grounds established by the State of Tennessee to support the revocation of her probation. In this Court, the defendant contends she was suffering from a mental illness when the violations of her probation occurred, and, as a result, she was not capable of complying with the conditions of probation previously imposed by the trial court. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court the judgment of the trial court should be affirmed.

The State of Tennessee established at the revocation hearing that the defendant violated the conditions of her probation in several ways. The violations included (a) moving without leaving a forwarding address or notifying the probation officer who supervised her probation; (b) failing to report to her probation officer after December 31, 1990; (c) making it impossible for the supervising probation officer to visit the defendant's residence or place of employment; (d) failing to pay probation fees; (e) being unavailable for random drug screens; (f) failing to maintain full-time employment; (g) being arrested and convicted of two criminal offenses in Knox County; and (h) being arrested in North Carolina for two attempts to commit larceny.

The probation officer expressed his view regarding continued supervision of the defendant if her probation was reinstated. He stated: "I think Miss Benson would be a very high risk if returned to probation."

The defendant did not testify at the revocation hearing. She did not present any witnesses. The defendant introduced into evidence medical records from the University of Tennessee Memorial Hospital and Peninsula Hospital. The first notation regarding a mental illness is contained in the University of Tennessee hospital records. On March 2, 1992, there is a notation that the defendant has a psychosis. She had already been prescribed medication for her condition approximately three weeks prior to this visit. There is nothing contained in the records to indicate the defendant was hospitalized at that time. The records indicate the defendant had an appointment at a facility, but it is not clear what

2

type of facility she was to contact because only initials are used in the records. There is nothing contained in the records to establish she could not comply with the conditions of her probation.

There is nothing contained in the record regarding the defendant's condition between March 2, 1992 and November 21, 1995 when the defendant entered Peninsula Hospital. She was released on November 30, 1995. The reason given for the defendant's release from the hospital was: "[Patient] discharged at approximately 1600 [hours] per court decision. . . ." It appears the "court" -- the name of the court is not mentioned -- determined the defendant should not be committed for treatment on November 28, 1995. The Peninsula records establish the defendant failed to take the medication prescribed for her condition regularly, and this was described as a "problem."

Whether the probation of an accused should be revoked is a question which rests within the sound discretion of the trial court. State v. Conner, 919 S.W.2d 48, 49 (Tenn. Crim. App. 1995); State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Thus, the standard of appellate review in these cases is whether the trial court abused its discretion by revoking the accused's probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); Conner, 919 S.W.2d at 49-50; Leach, 914 S.W.2d at 106; State v. Smith, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). Before an appellate court may reverse the judgment of the trial court in these cases, the appellate court must find the record is void of substantial evidence to support the trial court's findings of fact that the accused violated the conditions imposed when placed on probation. Conner, 919 S.W.2d at 50.

There is absolutely no evidence contained in the record which would permit the trial court or this Court to conclude the defendant was suffering from a mental condition when she committed most of the violations. The first recorded incident was on March 2, 1992, when the defendant was examined and released from the University of Tennessee Hospital. The violations occurred following December 31, 1990, the date she quit reporting to her supervising probation officer. This was over two years prior to the March 2, 1992, date.

The defendant was released from Peninsula on November 30, 1995. This decision

3

was made after a court found the defendant should not be kept at Peninsula for evaluation and/or treatment. Again, there is absolutely no evidence contained in the record which would permit the trial court or this Court to conclude that the defendant was unable to comply with the terms of her probation due to a mental illness.

This Court is of the opinion the trial court did not abuse its discretion in revoking the defendant's probation. There were ample violations of the conditions of her probation. Most of the grounds occurred before there was any indication the defendant was suffering from a form of mental illness.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
CURWOOD WITT, JUDGE

4