IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

**STATE OF TENNESSEE v. EDWINA JOHNSON**

**Appeal from the Criminal Court for Sullivan County**
**No. S60173      Robert H. Montgomery, Judge**

_____

**No. E2012-02509-CCA-R3-CD - Filed November 6, 2013**

_____

The Defendant, Edwina Johnson, pled guilty to one count of theft of property valued over $1,000 and one count of identity theft. The trial court sentenced the Defendant to an effective sentence of three years, to be served on probation, consecutive to an effective three-year sentence of incarceration imposed in a separate case. The Defendant's probation officer filed a probation violation warrant alleging that she had violated the terms of her probation. After a hearing, the trial court revoked the Defendant's probation and ordered that she serve her sentence in confinement. On appeal, the Defendant contends that the trial court erred when it found she had violated the rules and conditions of her probation and when it denied her request for an alternative sentence. She further contends that the trial court erred because it found she had committed the probation violation on a date not within the term of her supervised probation period. After reviewing the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Richard Spivey, Kingsport, Tennessee, for the appellant, Edwina Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Barry Staubus, District Attorney General; and Emily M. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts and Background

A Sullivan County grand jury issued a presentment against the Defendant for two charges: one count of theft of property valued over $1000 and one count of identity theft. On July 12, 2012, the Defendant pled guilty to both counts. The facts presented at the guilty plea hearing were that the Defendant was the victim's neighbor and had used the victim's identity to purchase an automobile. The trial court sentenced her to serve an effective sentence of three years probation, which was to be served consecutively to an effective sentence of three years incarceration also imposed on July 12, 2012 in a separate case.[1] The trial court ordered restitution in the amount of $5,645.43 and, as a special condition, ordered the Defendant to have no contact with the victims. The Defendant requested that she be allowed three weeks from the guilty plea hearing to report for the service of her sentence in the separate case. The trial court granted this request.

On July 20, 2012, the trial court issued a probation violation warrant based upon the sworn statement of the Defendant's probation officer that the Defendant had violated her probation. The Defendant's probation officer alleged that the Defendant had violated the terms of her probation by: committing simple assault on the victim of the crimes for which

[1]The presentment that is the subject of this appeal is Sullivan County case no. S60173. The separate case is Sullivan County case no. S60296. Because the guilty pleas in both presentments were entered on July 12, 2012, the probated sentences in case no. S60173 were set to begin on July 12, 2015, following the Defendant's service of her TDOC sentence of three years in case no. S60296.

she had just pled guilty, which also violated the special condition of her probation that she have no contact with the victim.

The trial court held a hearing, at which the following evidence was presented: Jeri Kenny testified that she was the Defendant's next door neighbor and also the victim in the "identity theft case" to which the Defendant pled guilty. She testified that, on July 17, 2012, after the Defendant had pled guilty, the Defendant came to her house and knocked on the door. Kenny stated that she asked the Defendant to go away but, ultimately, went out of her house onto the porch to talk to the Defendant. Kenny said that the Defendant "tapped me on the face and said, 'What goes around comes around.' So I pushed her off my porch." Kenny testified that the two women began fighting and continued until some neighbors came and "pulled her off of me." She stated that the neighbors kept the Defendant away but that the Defendant was "trying to come back in the yard and was still yelling threats at me." Kenny stated that the Defendant drove away, and Kenny called the police. Kenny stated that she sustained physical injuries resulting from the fight, and photographs of the injuries were introduced as exhibits.

On cross-examination, Kenny testified that she hit the Defendant as an act of self-defense after the Defendant had "smacked" her. She testified that medical technicians came

to her house, but she declined medical treatment. Kenny also testified about a prior police report she had filed regarding the Defendant's threats against her.

The Defendant testified that, when she arrived home on the day of the incident, Kenny was outside of her house and called the Defendant over to her yard. The Defendant testified that she walked up to Kenny's house but did not walk onto the porch or touch Kenny. The Defendant testified that Kenny shoved her off the porch with both hands. The Defendant testified that she sustained physical injuries as a result of the fight and that she went to the hospital. Her medical records were introduced as an exhibit.

On cross-examination, the Defendant testified that she was aware of the provision in her sentence that required that she not have any contact with Kenny. She also testified that she had a prior conviction for forgery and a prior drug conviction.

Based upon this testimony, the trial court revoked the Defendant's probation, finding:

> In my opinion I find that [the Defendant] violated special condition number one, "I will have no contact with Steve Hill or Jeri Kenny." I'm not going to find – I mean there is a dispute as to how it occurred but I find by a preponderance of the evidence that [the Defendant] – you know, it may have been an assault by offensive touching. It may not have risen to true assault causing bodily injury or causing somebody to reasonably fear imminent bodily injury but in my opinion it was an assault by offensive touching. But I'm

going to find the violation of special condition number one. I'm also going to find violation of rule one. I'm not going to find violation of rule ten.

Now, you know, I mean I just don't think that [the Defendant] is a person that is really susceptible to the terms and conditions on probation so I'm just going to go ahead and order her to serve her sentence.

At this point, the Defendant requested that she be allowed to serve her sentence by other means than "full service of sentence," suggesting split confinement. The trial court denied the request, explaining:

I understand your request. I'm going to deny your request but let me also explain why. This was a case in which [the Defendant] was in my court on July 12th and some – let's see five days later she is down at the home of the lady for whom I told her not to have any contact with and who was the named victim in the identity theft and forgery . . ., a case in which [the Defendant] used [the victim's] name in order to [obtain a motor vehicle]. So I mean the Court made that as a condition and here we are five days later directly violating this Court's order.

For the same reasons, the trial court also denied her request for any other form of alternative sentencing. In an Amended Revocation Order, the trial court found that the Defendant had violated Special Condition #1 of her probation and ordered the Defendant to serve two years in the TDOC. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it revoked her probation because "substantial proof did not support the finding that [the Defendant] violated Special Condition #1 of no contact with Jerri Kenney [sic]." She further contends that the trial court erred when it denied her request for alternative sentencing. Finally, the Defendant contends that her supervised probation period was not to begin until she completed her three-year incarceration sentence, and, thus, her understanding was that the terms of her probation did not apply until the completion of that sentence. The State responds that the trial court clearly enunciated its reasons for finding the probation violation by a preponderance of the evidence, and that it did not abuse its discretion in revoking the Defendant's probation or denying her alternative sentencing request.

In Tennessee, the procedure for a revocation of a probation sentence is set out in Tennessee Code Annotated section 40-35-311 (2010). The statute provides, in part, as follows:

> Whenever it comes to the attention of the trial judge that any defendant, who has been released upon suspension of sentence has been guilty of any breach of the laws of this State or has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a warrant for the arrest of such defendant as in any other criminal case.

T.C.A. § 40-35-311(a).

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2010); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

Because Tennessee law permits the trial court to revoke probation upon finding by a preponderance of the evidence that the defendant has violated the terms of his or her probation, this Court will not disturb the trial court's determination absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Farrar*, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011), *perm. app. denied* (Tenn. Oct. 18, 2011); *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). A finding of abuse of discretion "reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case." *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the case presently before us, the trial judge imposed as a "special condition" of the Defendant's probation sentence that the Defendant have no contact with the two victims of the Defendant's crimes. Kenny's testimony at the probation revocation hearing was that the Defendant came to her house and knocked on her door. Kenny said that a physical confrontation then ensued. The Defendant testified that Kenny called her over to her house, the Defendant went to Kenny's house, and the two engaged in a physical confrontation. Based upon this testimony, the trial court properly found by a preponderance of the evidence that the Defendant had violated the special condition of her probation sentence. As previously stated, upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and order incarceration. *See Hunter*, 1 S.W.3d at 644. The trial court did not abuse its discretion when it ordered the Defendant to serve her sentence in confinement.

As to the Defendant's contentions regarding her request for an alternative sentence, namely split confinement, we first note that the trial court made its determination based upon the fact that the Defendant had not successfully complied with the rules of probation and that the trial court did not think she was a good candidate to remain on probation. The Defendant cites no authority, and this Court is not aware of any authority, to support the proposition that, after a trial court finds that a Defendant violated his or her probation, the trial court *must* then consider that defendant's eligibility for an alternative sentence. To the contrary, upon

a finding that a defendant violated his or her probation, a trial court may properly sentence that defendant to incarceration. *Hunter*, 1 S.W.3d at 644. We conclude that the Defendant is not entitled to relief on this issue.

Finally we address the Defendant's contention that her probation sentence was not to begin until July 2015, when she was released from incarceration, and thus, the trial court revoked her probation for a violation that "did not occur during the probationary period." This court held in *State v. Smith* that a trial court's power to revoke a defendant's probation begins on the "date of the entry of the judgment" before the probationary period begins. 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995) (holding that "from the date of entry of the judgment of conviction, a trial court has the authority to revoke probation for a violation of a probationary condition whose application the defendant was made aware, even if the probationary term has not yet begun."). Here, the Defendant was advised in open court about the conditions of her probation dealing with no contact with the victim, and thus, the trial court had the authority to revoke her probation, even though her probationary period had not yet begun. The Defendant is not entitled to relief on this issue.

### III. Conclusion

Based on the above mentioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE