**STATE of Tennessee, Appellee,**

v.

**Lawrence Wade SMITH.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 11, 1995.

Eric L. Davis, Franklin, for appellant.

Charles W. Burson, Attorney General of Tennessee, and William David Bridgers, Assistant Attorney General of Tennessee, Nashville, Victor S. Johnson, District Attorney General, and Mary Hausman, Assistant District Attorney General, Nashville, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Lawrence Wade Smith, appeals as of right from the Davidson County Criminal Court's ordering that his probation be revoked and that his telephone and outside access during his jail confinement be severely restricted. The issues he presents in this case are (1) whether the evidence justifies a revocation, (2) whether probation may be revoked before the probationary term begins for violation of a condition of probation, and (3) whether the trial court was authorized to require the sheriff to limit the defendant's movement and telephone use while serving his sentence.

The defendant was originally charged in December 1993 with the aggravated assault of Tammy Lynn Carley. In January 1994, he was charged with stalking relative to another event involving Ms. Carley. By agreement, on January 21, 1994, the defendant entered guilty pleas to the Class A misdemeanor offenses of assault and stalking. The two offenses were judicially diverted pursuant to T.C.A. § 40–35–313, with the defendant being placed on consecutive eleven-month, twenty-nine day terms of probation. Various conditions were imposed upon the terms, the relevant one being: "Stay away absolutely from victim and her family, their homes, places of employment, children's schools. There shall be no contact, whether by mail, message, telephone, third party, or in person."

The defendant did not comply. In May 1994, he was charged in Williamson County with stalking the victim and after an evidentiary hearing on June 17, 1994, the trial court revoked diversion and imposed sentences upon the defendant. For the assault, the defendant was sentenced to eleven months and twenty-nine days in jail "day-for-day, at seventy-five (75) percent." If certain conditions were met, the defendant was to be allowed to serve this sentence in Weakley County with immediate work release. The

defendant was again granted probation for the second offense, the term to begin at the end of the first sentence with the original conditions to remain in effect.[1]

On June 28, 1994, the state petitioned to revoke probation, alleging that the defendant had contacted the victim again. At the evidentiary hearing in August 1994, the victim testified that only three days after the June hearing, her caller ID telephone system showed that she received a call from a number that proved to be assigned to a Davidson County jail telephone to which inmates had access. She said that she did not know anyone at the jail other than the defendant. Also, the victim testified that sometime between June 20th and July 14th, she heard defendant dedicate a song to her on a Nashville radio station. In addition, she stated that the defendant's sister called her. She begged the trial court to put a stop to the contact.

A jail employee testified that the telephone number reported by the victim was registered to her office in the facility where the defendant was being held. She stated that she met with the defendant in her office on June 20th and that she might have left him alone in the office at some point. Her records did indicate that she allowed him to refer to the telephone book. The defendant did not present any evidence. The trial court revoked probation on the second offense. Also, it ordered the sheriff's department to prevent the defendant from telephoning anyone other than his attorney and from leaving jail premises except for court appearances and doctor visits.

■ The defendant contends that there was insufficient proof to justify revocation. Initially, he asserts that the evidence did not prove that he called the victim from the jail. He also claims that the radio dedication was not proven to be covered by revocation petition. Relative to when a trial court may revoke probation and to the standard of re-

---

1. Two orders that relate to the revocation, both dated June 17, 1994, are in the record. One provides that the probation for the second offense was to be under the "original terms," while the second, marked filed on June 21, specifies that the defendant is "to stay absolutely away from the victim and her family in this case." The transcript of the hearing reflects that the trial court told the defendant that the original terms continued to apply and made known that the ban included the defendant even ringing the victim's telephone.

view in an appeal of such an action, in *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn.1991), our supreme court stated:

> We take note that a trial judge may revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of his probation or suspended sentence by a preponderance of the evidence. T.C.A. § 40–35–311. The judgment of the trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion. *State v. Williamson,* 619 S.W.2d 145, 146 (Tenn.Cr.App.1981). In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *State v. Grear,* 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp,* 614 S.W.2d 395, 398 (Tenn.Crim.App.1980). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. *State v. Milton,* 673 S.W.2d 555, 557 (Tenn. Cr.App.1984).

We conclude that material evidence exists to justify the trial court's actions. The preponderance of the evidence supports the conclusion that the defendant made telephone contact with the victim. Given the history presented in this case and the fact that the defendant's actions continued immediately after being ordered again by the trial court not to make contact, revocation of the defendant's probation was proper.

Next, the defendant assails the trial court's power to revoke when it did. He contends that because the statutes relating to the revocation procedures speak in terms of the sentence already being suspended, the trial court could not act until the term of probation had actually started. *See, e.g.,* T.C.A. §§ 40–35–310 and –311. However, in *State*

v. *Stone,* 880 S.W.2d 746, 748 (Tenn.Crim. App.1994), this court noted that the procedural statutes did not purport to limit the trial court's power to revoke and held that "from the date of the entry of a judgment which includes sentencing to both confinement and probation, a trial court has the authority to revoke probation if a defendant commits another crime after entry of the judgment, but before the probationary term begins."

■ The same principles apply in the present case, even though the defendant's conduct might be viewed to violate a court-ordered condition of probation and not a criminal statute.[2] There is no question that the defendant was advised in open court of the conditions of probation dealing with no further contact, by any means, with the victim. Indeed, no greater notice could be given than the initial revocation of his diversion status for violating the same condition of probation. Therefore, even though his probationary term had not begun, the defendant was given sufficient notice to comply with due process that his violation of the no contact order would result in revocation. We conclude that from the date of entry of the judgment of conviction, a trial court has the authority to revoke probation for the violation of a probationary condition whose application the defendant was made aware, even if the probationary term has not yet begun.

Finally, the defendant complains about the trial court's placing restrictions upon his movements and telephone use during his confinement. He contends that the extent of any restrictions is up to the sheriff, not the trial court, because the sheriff is the caretaker and custodian of the jail and the prisoners which it houses. *See* T.C.A. §§ 41–4–101– 140. Although no specific statute about telephone use is cited by the defendant, he claims that access is within the sheriff's discretion, not the trial court's. As for his leaving the jail premises, the defendant notes that it is within the discretion of the sheriff

---

2. We recognize that some courts view a willful breach of a court-ordered condition of release to be a criminal contempt and, thus, to be treated as the commission of a crime for revocation purposes. *See United States v. Cartwright,* 696

F.2d 344, 349 (5th Cir.1983). Given the fact that the trial court did not treat the matter as one of criminal contempt, but of violation of a probation condition, we will do likewise.

to allow the defendant to participate in work crews even if the defendant is to be continuously confined under a court order. *See* T.C.A. § 40–35–302(c).

In response, the state contends that the trial court "was merely setting the conditions and manner in which the defendant's sentence would be served." It cites T.C.A. § 40–35–212 relative to the trial court retaining "full jurisdiction over the manner of the defendant's sentence service" and having the power to "determine under what conditions a sentence will be served as provided by law." In other words, the state asserts that the trial court receives authority from the Sentencing Reform Act of 1989 to place conditions upon a defendant who is fully serving a sentence of confinement in the county jail. We disagree with this assertion.

Although a trial court retains jurisdiction in a criminal case while a defendant remains in a county jail, it has no greater power to act than it did originally. In this respect, nothing in the 1989 Act confers authority upon the sentencing court to control, through special conditions, how an executive agency charged with the custody and housing of prisoners treats a defendant who has received a sentence of confinement. Obviously, the trial court can impose conditions when some form of alternative sentencing is involved, *see*, *e.g.*, T.C.A. §§ 40–35–303(d) and 40–36–106(e), but when the sentence for a misdemeanor is one of straight confinement, how that sentence is served is up to the executive authority charged with prisoner custody. The trial court's power is then limited to setting work and other rehabilitative release eligibility percentages and to suspending the confinement itself. *See* T.C.A. § 40–35–302(c), (d) and (e). Thus, the trial court was not authorized to impose the restrictions in question as conditions of the defendant's serving the maximum sentence in confinement so as to obligate the sheriff to enforce them. However, the question of what restrictions may lawfully be imposed upon the defendant by the sheriff is not before us. Likewise, we are not asked to address whether the defendant may be personally enjoined from taking the action that is prohibited by the trial court's order to the sheriff.

In consideration of the foregoing and the record as a whole, we conclude that the order of the trial court revoking the defendant's probation should be affirmed. However, to the extent that the trial court ordered the sheriff to enforce special restrictions upon the defendant's movement and use of the telephone, such orders should be vacated.

SCOTT, P.J., and HAYES, J., concur.