# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### APRIL 1998 SESSION

**FILED**

**May 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

|                                 |   |                              |
|---------------------------------|---|------------------------------|
| STATE OF TENNESSEE ,            | ) |                              |
|      APPELLEE                   | ) |                              |
|                                 | ) |                              |
| VS.                             | ) | C.C.A. NO. 01C01-9708-CR-00361 |
|                                 | ) | SUMNER COUNTY                |
|                                 | ) | Honorable Jane Wheatcraft    |
| WALTER LEE ELLISON, JR.         | ) |                              |
|      APPELLANT                  | ) | (PROBATION REVOCATION)       |

FOR THE APPELLANT

Dana L. Scott
Assistant Public Defender
18th Judicial District
117 East Main St.
Gallatin, TN  37066

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Thomas Dean
Assistant District Attorney General
113 East Main St.
Gallatin, TN  37066

OPINION FILED: _____

**AFFIRMED**

L. T. LAFFERTY, SPECIAL JUDGE

OPINION

The defendant, Walter Lee Ellison, Jr., appeals as of right from a ruling of the Sumner Criminal Court that revoked his probation. On June 20, 1996, upon a plea of guilty, the same Court sentenced the defendant in cause no. 9602, Count One, to two (2) years in the Tennessee Department of Correction for Burglary of a Building in and in Count Two, to two (2) years for Theft of Property over $1,000 to run concurrently. The defendant was placed on two years supervised probation after serving four (4) months in the Sumner County jail. The defendant complains that the trial court failed to exercise a conscientious and intelligent judgment in finding by a preponderance of the evidence that the defendant violated the terms and conditions of probation. We find the revocation of probation justified and affirm the Court's judgment.

The standard by which we review a probation revocation case is abuse of discretion.

> "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation hearing, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

We note that the trial court was entitled to revoke probation upon finding by the preponderance of the evidence that the defendant violated several conditions of his probation. Tenn. Code Ann. §40-35-311(d).

The record establishes that the trial court, on October 1, 1996, issued an arrest warrant for the defendant for a violation of probation. The warrant alleges (1) the defendant was charged with theft over $10,000, from the ABC Caulking Company on August 13, 1996, (2) Defendant failed to report to the State Probation Office since being granted probation on 6-2-96, (3) Defendant has failed to pay any of the Court ordered restitution and (4) Defendant left the State of Tennessee without the permission, consent or authorization of the State Probation Office.

The State's evidence consisted of the testimony of Mr. Marvin Powell, State Probation Officer. Mr. Powell, assigned supervising officer for the defendant, never met with the defendant to discuss the conditions of probation. Apparently the defendant upon release from the Sumner County Jail on June 20, 1996, entered the Buffalo Valley Treatment Center on June 21, 1996. On June 20, 1996, a probation officer, Carson Bumbalough, talked to the defendant and had him complete a plea sheet and department questionnaire for personal information. At this stage, it is routine for probation officers to advised defendants upon release from jail, to report or contact the probation office before the end of the week. The plea sheet and questionnaire have the same cautionary instructions. Since the defendant did not report upon release from Buffalo Valley, Mr. Powell sent a letter, dated August 24, 1996, to the defendant's address in Chattanooga, Tennessee. There was no response. Since the defendant failed to report, Mr. Powell was unable to determine if the defendant made restitution payments to ABC Caulking Company as required in the judgment order. Mr. Powell testified that an arrest warrant had been issued for the defendant on September 5, 1996, alleging the theft of a Chevrolet truck owned by ABC Caulking Company on August 13, 1996. The defendant was arrested in Colorado in this truck, and was extradited to Tennessee.

The defendant's proof reveals that the defendant entered the Buffalo Valley Treatment Center on June 21, 1996. Mr. Rusty Graham, defendant's counselor, was aware the defendant was on probation, although the defendant did not know his assigned officer. Mr. Graham, via phone calls, determined that Mr. Marvin Powell was the defendant's assigned officer. Graham advised the defendant and gave him Powell's phone number and permission to contact Mr. Powell. This occurred before the defendant's discharge from the center and return to his mother's home in Chattanooga. Mr. Paul Swafford, counselor, testified the defendant was concerned about who his assigned probation officer was and to his knowledge the defendant attempted to contact his probation officer.

3

The defendant testified that he did not know who to pay restitution to, so he attempted to contact his attorney, Nancy Myers, but she was unavailable. As to why the defendant did not contact Mr. Powell upon his discharge from the center, the defendant returned to his mother's home in Chattanooga, due to some problems of his son. While at the center and his home, the defendant attempted on three or four occasions to contact Mr. Powell, but he was never in. The defendant testified he did not know he could not leave the State, since he was not a resident of Sumner County. The defendant admitted going to Georgia, Colorado, Wyoming, and Knoxville, Tennessee. The evidence is overwhelming the defendant knew he was on supervised probation.

The trial court had found the defendant violated his period of probation in a number of ways, more specifically, he left the state of Tennessee, knowing his probation officer's name yet failing to contact him; and the defendant's reasons or excuses were not the least bit credible. Thus, the defendant's probation was revoked.

The defendant contends that the new indictment and arrest for the theft of a truck belonging to ABC Caulking Company, is a mere accusation and cannot be used to revoke his probation. The defendant is correct. In *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991), our supreme court held:

> A mere accusation, standing alone, is not sufficient to justify the revocation of a community corrections sentence. To the contrary, when, as here, the grounds for revocation ... is the commission of a new offense, the State is required to establish sufficient facts ... to permit the trial judge to make a conscientious and intelligent judgment as to whether the conduct in question violated the law.

The requirements for revoking placement in a community corrections program involving "mere accusations" are the same in considerations of revoking probation. The State, in order to rely on arrests as a violation to revoke probation, must produce evidence in the usual form of testimony to establish probable cause a probationer has committed another offense. However, this introduction of the arrest warrant in this

cause would support not only a mere accusation, but would support the violation of the defendant leaving the State. We believe, in the facts of this case, the trial court could properly consider this evidence.

The defendant contends he should not be revoked on the ground of non-reporting since he made attempts to find out the name of his supervising officer, while at the Buffalo Valley Treatment Center. Thus, he was not aware of the specific rules of probation. The trial court found the defendant's testimony regarding non-reporting not to be the least bit credible. The facts clearly support the trial court's conclusion. *State v. Smith,* 909 S.W.2d 471 (TCCA 1995).

As to the grounds of non-payment of restitution and leaving the State, the defendant argues that he was unsuccessful in contacting Mr. Powell and thus was not made fully aware of the rules and procedures of probation. The trial court found this explanation not worthy of belief. The defendant's testimony establishes that the defendant has quite a history of criminal behavior and it is reasonable to infer that the defendant would be aware of ordinary rules of probation.

In sum, we conclude that the record on appeal clearly justifies the trial court's finding that the defendant violated conditions of probation of which he was aware and its conclusion that revocation was in order. The judgment of the trial court is affirmed.


_____
L. T. Lafferty, Special Judge

CONCUR:


_____
Gary R. Wade, Judge


_____
Thomas T. Woodall, Judge