IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## STATE OF TENNESSEE v. ERIC T. DAVIS

**Appeal from the Circuit Court for Montgomery County**
**Nos. 37362A, 38578   John H. Gasaway, III, Judge**

_____

**No. M2002-00035-CCA-MR3-CD - Filed December 20, 2002**

_____

Eric T. Davis appeals the Montgomery County Circuit Court's revocation of his probationary sentences and order that he serve the sentences as originally imposed in the Department of Correction.  He claims that the lower court erred in finding that he committed a criminal offense based upon the uncorroborated testimony of a law enforcement informant.  Because we are unpersuaded of error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined.  ROBERT W. WEDEMEYER, J., not participating.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Eric T. Davis.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On January 29, 1997, the defendant was adjudicated guilty upon his plea to the offense of robbery.  He received a six-year probationary sentence.  He was found guilty, again upon his plea, of the offense of possession of cocaine with intent to sell on July 17, 1998.  He was sentenced to serve eight years on probation consecutively to the sentence in the robbery case.

On August 23, 1999, a probation violation warrant issued which alleged that he had violated his probation in both cases by incurring new charges of assault and domestic assault, failing to pay his supervision fees, and failing to pay his costs and fines.  The warrant was amended on February 14, 2000, to allege the additional basis that he had incurred a new charge in the federal system for possession of five grams of cocaine with intent to sell or deliver.

After many delays,[1] a hearing was conducted in July 2001. At that time, the state announced its intention to seek revocation only upon the basis of the federal drug charge. The only evidence presented was that of a law enforcement informant who testified about the drug transaction with the defendant that formed the basis of the federal charge.

Lewis Spencer testified that he had known the defendant for ten to fifteen years. In the Fall of 1999 and Winter of 2000, Spencer was involved in an undercover drug operation in conjunction with the DEA and the Clarksville Police Department. As part of that operation, Spencer arranged for the defendant to sell him two and one-half ounces of crack cocaine for $3,000. The transaction was consummated at a lounge in Clarksville. On cross-examination, Spencer acknowledged having one prior drug conviction and one prior theft conviction. He also admitted that he received over $50,000 from law enforcement agencies for his services as an undercover operative.

At the conclusion of proof, the court found by a preponderance of the evidence that the defendant committed the crime of selling cocaine. The court noted that the defendant had been given the opportunity to rehabilitate himself while on probation but had failed to do so. Based on those findings, the court found the defendant in violation of probation and ordered him to serve the balance of his effective fourteen-year sentence in the Department of Correction.

On appeal, the defendant alleges error in the lower court's finding of a probation violation. The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id.* at 82; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2001). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The defendant advocates that we find fault with the lower court's determination that he had violated his probation based upon the quantum of the state's proof at the revocation hearing. He argues first that we should not accept as sufficient proof Lewis Spencer's testimony that the substance he bought from the defendant was cocaine. The defendant posits that Spencer was not shown to have any expertise in drug testing or identification, and the state failed to offer any other proof of the chemical composition of the substance. Second, the defendant attacks Spencer's

---

[1] Apparently, the delays were occasioned at the request of the federal prosecutor.

credibility based upon his past criminal record and his status as a paid informant. Finally, the defendant claims that we should find fault with the state's case because it failed to offer proof that the defendant was actually on probation at the time of the drug transaction with Spencer or that the alleged actions violated the probationary terms.

Having considered these arguments, we are unpersuaded. It must be remembered, of course, that the standard of proof in a probation revocation proceeding is that of preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2001). Thus, the level of proof necessary to sustain a probation violation allegation is considerably less than the beyond-a-reasonable-doubt standard applicable to conviction proceedings. In this regard, the state presented a preponderance of proof that the defendant violated his probationary terms by committing a criminal offense.

The lower court accredited Lewis Spencer's testimony, as was its prerogative as the trier of fact. Despite his apparent shortcomings in that he was a convicted felon and paid informant, Spencer gave testimony which the trial court found credible. Moreover, the court could infer from Spencer's background that he was familiar with crack cocaine and identified the substance he purchased from the defendant as such.[2] Additionally, if Spencer's testimony is accredited, the defendant clearly entered into an agreement to sell crack cocaine. Even if the substance was counterfeit, the evidence nevertheless supports a finding that the defendant committed a crime. *See generally* Tenn. Code Ann. § 39-17-423 (1997) (sale of counterfeit controlled substance). Finally, the state was not deficient in failing to present proof that the defendant was on probation and that the commission of a crime was a violation thereof. The record contains the judgments for the two conviction offenses, from which it may be readily computed that the defendant was in his probationary term at the time of the new drug offense. The probation orders setting forth the terms of probation are likewise in the record. Just as these documents are before us in the appellate record, they likewise would have been before the lower court inasmuch as they bear file stamps from the trial court clerk.

We conclude, therefore, that the defendant violated the terms of his probation. Moreover, we see no error, and the defendant does not allege any, in the trial court's order placing the original incarcerative sentences into effect.[3] Given the magnitude of the new offense the defendant committed, any other more lenient result seems inadequate.

---

[2]The defendant claims that under *State v. Deloit*, 964 S.W.2d 909, (Tenn. Crim. App. 1997) and *Pruitt v. State*, 393 S.W.2d 747 (Tenn. 1965), a lay witness may not offer testimony about scientific test or results. However, in this case, Spencer did not purport to offer proof or interpretation of scientific evidence. He merely testified, *without objection*, that the substance was crack cocaine, and his overall proof demonstrated that he was in a position to be familiar with the identification, at least through street knowledge, of crack cocaine. Given these circumstances, we are untroubled by the lower court's reliance on Spencer's testimony as proof that the defendant sold Spencer crack cocaine.

[3]The defendant can be revoked on both consecutive sentences even though he hasn't yet started serving the second of the two. *See State v. Eric William Sanders*, E1999-00345-CCA-R3-CD (Tenn. Crim. App., Knoxville, Jan. 10, 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995); *State v. Stone*, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994).

The lower court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE