IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 25, 2014

## STATE OF TENNESSEE v. FRED ARNOLD MCMAHAN

**Appeal from the Circuit Court for Blount County**
**No. C-21573, C-21575      David Duggan, Judge**

_____

**No. E2013-02800-CCA-R3-CD - Filed August 15, 2014**

_____

The Defendant, Fred Arnold McMahan, pled guilty to multiple felony drug offenses, and the trial court sentenced him to a fifteen-year Community Corrections sentence, consecutive to a ten-year prison sentence in another criminal case. In July 2013, the Defendant's Community Corrections officer filed an affidavit alleging that the Defendant had violated his Community Corrections sentence by failing to report for intake, and, after a hearing, the trial court ordered the Defendant to serve the remainder of his sentence in confinement. On appeal, the Defendant contends that the trial court erred when it revoked his Community Corrections sentence because there was insufficient evidence presented to support the revocation. After a thorough review of the record and applicable authorities, we conclude that the trial court did not err when it revoked the Defendant's Community Corrections sentence, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Appellant, Fred Arnold McMahan.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Mike Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

1

## A. Background

This case arises out of the Defendant's pleas of guilt to multiple felony drug offenses in 2012 and 2013. The trial court sentenced the Defendant to a fifteen-year sentence on Community Corrections for case numbers C-21573 and C-21575, consecutive to a ten-year sentence in the Tennessee Department of Correction for case number C-21183. The guilty plea agreement signed by the Defendant on February 22, 2013, in case numbers C-21573 and C-21575, noted that the Defendant agreed to report for Community Corrections intake on June 21, 2013 by 6 p.m., the same day he was due to report for service of his sentence in case number C-21183.

On July 10, 2013, an affidavit was filed alleging that the Defendant had violated his Community Corrections sentence by failing to report for intake on June 21, 2013. The affidavit indicated that a warrant had been issued based upon the Defendant violating his sentence. On December 9, 2013, the trial court held a hearing on the Community Corrections violation, during which the following evidence was presented:

Robert Nease testified that he was employed by the Blount County Sheriff's Office and assigned to the Drug Task Force. He testified that the Defendant entered a guilty plea to a drug offense in case number C-21183 for which the trial court imposed a ten-year sentence. Officer Nease stated that the Defendant was ordered to report to serve his sentence in case number C-21183 on June 21, 2013. Officer Nease testified that on October 25, 2013, he arrested the Defendant at McDonald's.

Brian Hensley testified that he was the District Supervisor for the Blount County Community Corrections program and stated that he had received judgments from the trial court indicating that the Defendant would be serving a fifteen-year Community Corrections sentence consecutive to his prison term in case number C-21183. Mr. Hensley stated that he had never seen or met the Defendant prior to the date of the hearing.

Based upon this evidence, the trial court stated the following:

> The Court finds [based] on this proof that there's been a material violation of the terms of the [Defendant's] Community Corrections sentences based on failing to report for intake. The Court is going to revoke the Community Corrections sentences and order the Defendant to serve these sentences.

The trial court revoked the Defendant's Community Corrections sentence and ordered the Defendant to serve his sentence in the Tennessee Department of Correction. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it revoked his Community Corrections sentence because the State failed to show by a preponderance of the evidence that the Defendant had violated the conditions of his supervision. The State responds that the State submitted substantial evidence upon which the trial court could revoke the Defendant's Community Corrections sentence.

Our review of a trial court's revocation of a Community Corrections sentence is similar to our review of a trial court's probation revocation. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

The evidence shows that the Defendant failed to report to his Community Corrections officer. The guilty plea agreement, signed by both the Defendant and the trial judge, indicated that the Defendant was to report on June 21, 2013. The Community Corrections supervisor for Blount County testified that he had never met or come into contact with the Defendant prior to the violation hearing. The officer who arrested the Defendant testified that the Defendant had failed to report for his prison sentence on June 21, 2013. This was the same date the Defendant was due to report for Community Corrections intake as outlined in the plea agreement. This is sufficient evidence for the trial court to find by a preponderance of the evidence that the Defendant failed to abide by the terms of his Community Corrections sentence for failing to report for intake on the agreed upon date. Thus, the trial court did not abuse its discretion when it ordered the Defendant's Community Corrections sentence to be revoked. The Defendant is not entitled to relief on this issue.

### III. Conclusion

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE