FILED

03/06/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2020

**STATE OF TENNESSEE v. JOHN C. ELROD**

**Appeal from the Circuit Court for Warren County**
**Nos. 14-CR-202 & 15-CR-445      Larry B. Stanley, Jr., Judge**

_____

**No. M2019-01399-CCA-R3-CD**

_____

The Defendant, John C. Elrod, appeals the trial court's order imposing confinement after finding a violation of his probation. In two separate cases, the Defendant pleaded guilty to multiple offenses, and the trial court sentenced him to an effective sentence of seven years of probation. In May 2019, the trial court issued a probation violation warrant based upon allegations that the Defendant had violated the terms of his probation by testing positive for amphetamines and methamphetamines on November 27, 2018 and January 24, 2019. After a hearing, the trial court revoked his probation and ordered him to serve the balance of his sentence in confinement. On appeal, the Defendant asserts that the trial court abused its discretion when it revoked his probation and when it ordered him to serve his sentence in confinement. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT L. HOLLOWAY, JR., JJ., joined.

John P.M. Partin, District Public Defender, McMinnville, Tennessee, for the appellant, John C. Elrod.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Lisa S. Zavogiannis, District Attorney General; and Thomas J. Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

On December 9, 2015, the Defendant pleaded guilty in two separate cases: in the first case, to burglary and theft of property valued over $1,000, and the trial court sentenced him to two three-year concurrent sentences; and, in the second case, to theft of over $500 and possession of a firearm, and the trial court sentenced him to four years. The trial court ordered the sentences from the two separate cases to be served consecutively and on probation, for a total effective sentence of seven years of probation.

On May 14, 2019, the Defendant's probation officer, Clay Solomon, filed a probation violation report alleging that the Defendant had violated his probation. He alleged that on November 27, 2018, the Defendant tested positive for amphetamines and methamphetamines. He further alleged that on January 24, 2019, the Defendant again tested positive for amphetamines and methamphetamines. The trial court issued a warrant for the Defendant's arrest on May 15, 2019.

On July 19, 2019, the trial court held a hearing on the probation violation warrant. At the hearing, the Defendant admitted to the probation violations. The State informed the trial court that the Defendant had previously had his probation revoked and that he was subsequently returned to probation. Due to the Defendant's health concerns, he was placed on house arrest with the condition that he could seek placement in a rehabilitation program. During the Defendant's house arrest he failed two drug screens. The State then noted that this was the Defendant's fourth probation violation.

The Defendant's attorney informed the trial court that the Defendant did not deny that he had a drug problem or that he failed the drug screens. The attorney noted that the Defendant's concern was his two young children, given that his wife and mother were also in poor health. The Defendant said that he sought placement in a rehabilitation program but was denied admission because of his health. The Defendant asked that his three-year sentence from his first case be revoked for him to serve and that he be returned to probation for the four-year sentence from his second case.

Based upon this evidence, the trial court revoked the Defendant's probation and ordered him to serve the balance of his sentences in confinement. It is from this judgment the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion when it ordered him to serve the balance of his sentences in confinement. The State responds that the trial court acted within its discretion when, after determining that the Defendant had violated the terms of his probation, it revoked the probation sentence and ordered him to serve the remainder of his sentence. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2019), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2019). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2019); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this case, the Defendant admitted to the violations. The Defendant's admission to a violation has itself been held to be "substantial evidence" that the violation took place. *State v. Glendall D. Verner*, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App., at Nashville, May 31, 2016), *perm. app. denied* (Tenn. Sept. 30, 2016) (citing *State v. Yvonne Burnette*, No. 03C01-9608-CR-00314, 1997 WL 414979, at *2 (Tenn. Crim. App., at Knoxville, July 25, 1997); *see State v. Zantuan A. Horton*, No. M2014-02541-CCA-R3-CD, 2015 WL 4536265, at *3 (Tenn. Crim. App., at Nashville, July 28, 2015), *no perm. app filed* (stating that a defendant who admitted violating the terms of his probation conceded an adequate basis for finding of a violation); *State v. Gordon Herman Braden, III*, No. M2014-01402-CCA-R3-CD, 2015 WL 2445994, at *2 (Tenn. Crim. App., at Nashville, May 22, 2015), *no perm. app filed* ; *State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, 2004 WL 2008168, at *1 (Tenn. Crim. App., at Knoxville, Sept. 9, 2004), *no perm. app filed* ("Essentially, then, the defendant conceded an adequate basis for a finding that he had violated the terms of probation.").

After the trial court found that the Defendant had violated the terms of his probation, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration. The

determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at \*2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

We conclude that the trial court did not abuse its discretion when it ordered the Defendant to serve the balance of his sentences in confinement. This was the Defendant's fourth probation violation for this sentence. The Defendant had previously been confined for his last violation and, while on house arrest, he tested positive for drugs. The trial court did not abuse its discretion when it determined that the Defendant should serve the balance of his sentences in confinement. Accordingly, the Defendant is not entitled to relief.

## III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE