IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2023 Session

**STATE OF TENNESSEE v. JORDAN ISAIAH MOSBY**

**Appeal from the Circuit Court for Montgomery County**
**Nos. 41300372, 63CC1-2013-CR-374    Robert Bateman, Judge**

_____

**No. M2022-01070-CCA-R3-CD**
_____

In 2013, the Defendant, Jordan Isaiah Mosby, pleaded guilty to attempted second degree murder, and the trial court imposed a ten-year sentence suspended to supervised probation. In 2019, the trial court issued a probation violation warrant, alleging that the Defendant had absconded. After a hearing, the trial court found that the Defendant had violated his probation by absconding to Florida. The trial court ordered him to serve his ten-year sentence in confinement. The Defendant then filed a Rule 35 motion seeking to modify the revocation order. After a hearing, the trial court denied the Defendant's motion. On appeal, the Defendant asserts that the trial court erred by ordering him to serve his sentence in confinement, by not granting him credit for time he successfully served on probation, and by ruling that the Defendant's custody in the Tennessee Department of Correction prevented the court from modifying the sentence. After a thorough review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and KYLE A. HIXSON, JJ., joined.

Brennan M. Wingerter (on appeal), Appellate Division Assistant Public Defender, Franklin, Tennessee, and Shelby S. Silvey (at hearings), Montgomery County Assistant Public Defender, Clarksville, Tennessee, for the appellant, Jordan Isaiah Mosby.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Robert J. Nash, District Attorney General; and Crystal M. Morgan, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from the Defendant's absconding from a ten-year probation sentence imposed in 2013. On June 27, 2019, the trial court issued a probation warrant for the Defendant's arrest. Eventually, law enforcement located the Defendant in Florida, and he was extradited back to Tennessee for the probation violation hearing. The trial court found that the Defendant had violated the terms of his probation sentence and ordered the Defendant to serve his original sentence in the Tennessee Department of Correction ("TDOC"). The Defendant filed a notice of appeal and then a Rule 35 motion asking the trial court to consider crediting his successful time served on probation toward his ten-year sentence and the Defendant also requested that he be allowed to start an in-patient rehabilitation program. The trial court denied the motion, and the Defendant appealed the denial of the motion. The Defendant's two appeals were consolidated for our review.

## I. Facts
## A. Revocation Hearing

At the hearing, the parties presented the following evidence: Tennessee Department of Correction Probation and Parole Officer ("PO") Diva Wilkins testified that the basis of the Defendant's violation was Rule 5 for absconding, Rule 6 for not following lawful instructions, and Rule 9 for failure to pay restitution and court fees. The warrant issued for this violation reflected that the Defendant began serving his ten-year probation sentence on October 10, 2013, with the sentence expiring on June 1, 2023.

PO Wilkins testified that the last "successful" home visit was October 9, 2018. On April 26, 2019, the Defendant field-tested positive for marijuana, for which the Defendant was sanctioned to meet with a social worker; however, the Defendant did not meet with the social worker on May 17, 2019, as required. As of the date of the warrant, June 27, 2019, the Probation and Parole Office did not know the Defendant's location. Office notes indicated that the Defendant was arrested on June 2, 2020, in Pinellas County, Florida, for battery of a law enforcement officer.

On cross-examination, PO Wilkins agreed that the Defendant successfully reported for five years of his probation sentence from 2013 to 2018.

Following this testimony, the State asked that the Defendant serve the balance of his sentence in TDOC. The Defendant requested reinstatement to his probation sentence because this was his "first technical violation."

The trial court made the following oral findings:

On . . . October 28 of 2013 a judgment was entered upon the -- filed by the clerk, signed by Judge Gasaway [sic] on October 10th, 2013, that references

2

a hearing on August lst of 2013 in which the [D]efendant pled guilty and was sentenced to ten years for attempted second-degree murder and was ordered to serve that on supervised probation.  On -- filed with the court on November 21st, 2013 is a probation order that is signed by the [D]efendant on October 28th, 2013, which provides several rules that the [D]efendant was to abide by, one of those is that -- Rule 5 is, "I will inform my probation officer before changing my residence or employment and get permission from my probation officer before leaving my county, residence, or the state.  I will report immediately within 72 hours of being released from my sentencing hearing to my probation officer and provide the address, at that time, to the probation and parole office."

[T]he violation of probation warrant was taken out on – was sworn to on June 27th, 2019, and signed by Judge Goodman on July 28, I believe, 2019, alleging that -- alleging "the offender has absconded from probation."  That's the words in the warrant.  It says, "The violation of Rule 5" and it has, "The offender has absconded from probation. Efforts to verify residency, contact between the offender, have been unsuccessful."  The Court takes judicial notice of the fact that the [D]efendant was located in the state of Florida and efforts were made to extradite him from the state of Florida.  Or, at least, he was transported back by the Montgomery County Sheriff's Office from the state of Florida.  The Court finds by a preponderance of the evidence that the [D]efendant is in violation of the terms of his probation.  The Court finds that he was obviously in the state of Florida.  There has been no proof as to why he was in the state of Florida.  No proof that he -- as to why he failed to report, did not report, and was outside of the state and not reporting, at least until May 14th of 2022 when he was taken into custody.  Considering all these factors, and considering the appropriate resolutions and sentences in other cases, the Court finds that the [D]efendant did abscond, went to the state of Florida, no proof as to why he was there, no proof as to what he was doing while he was there, and has failed to report since the date the warrant was taken out until he was taken back into custody, therefore, the Court finds that the appropriate resolution is that the probation be terminated and be ordered to serve his sentence in TDOC.

After the trial court ruled, based upon the transcript, it appears that another attorney interjected and noted a statutory change allowing the trial court to consider giving the Defendant credit for time satisfactorily served on probation.  This attorney asserted that the law had changed with respect to sentences that are revoked.  He recited a portion of Tennessee Code Annotated section 40-35-311, "upon the court having determined the

3

defendant has absconded or committed a new felony, the court may cause the [d]efendant commence the execution of the judgment originally entered and may be reduced by the amount of time the defendant has successfully served on probation prior to revocation." The trial court acknowledged the change to the statute, but noted that the new law provided that "the Court *may* upon application." (emphasis added). The attorney agreed saying, "That may be something that the trial defense counsel will want to look at. It's new to us and may have caught us by surprise."

## B. Rule 35 Motion

On October 28, 2022, the Defendant filed a Tennessee Rules of Criminal Procedure, Rule 35 motion to reduce his sentence. The motion requested that the trial court modify the probation revocation order to give credit for time the Defendant was on probation before the warrant was filed, pursuant to the amended statute, Tennessee Code Annotated section 40-35-311. The motion also requested that the Defendant be allowed to attend in-patient rehabilitation. The trial court held a hearing on November 22, 2022. The trial court entered an excerpt from the revocation hearing that included testimony that the Defendant was in good standing with probation from October 10, 2013, until June 27, 2019, five years, eight months, and eighteen days as calculated by the Defendant's attorney. The Defendant also submitted a printout from "TOMIS Offender Sentence Letter," dated October 8, 2022, indicating the Defendant's "street time" of 3139 days.

The Defendant testified that he had been accepted for in-patient treatment at the Safe Harbor rehabilitation center in Erin, Tennessee. The in-patient treatment would last for six months to one year. The Defendant stated that he believed the treatment would help him with his "problem with marijuana." He confirmed that he had been working with a social worker at the Northwest Correctional Facility to arrange the treatment and that he had "friends in the area" that would be willing to drive him to the treatment center.

On cross-examination, the Defendant testified that he left Tennessee to go to Georgia because he and his child's mother were no longer in a relationship. He stated that he notified his probation officer and was seeking a transfer of his probation to Georgia. He said he was "almost homeless" as a reason for his move to Georgia. The Defendant explained that, after going to Georgia, he went to Florida to see his daughter in "Tampa, St. Pete."

The Defendant testified that he was arrested in Florida during a protest. He claimed that a police dog "assaulted" him, resulting in two charges of battery on a law enforcement officer. The Defendant denied trying to enter a gas station to cause a riot and throwing items at the windows of the gas station. The Defendant "fought" the charges for two years

4

but then, ultimately, pleaded guilty and was released for time served. Upon his release, he was extradited to Tennessee.

The Defendant testified that he did not call and report to his probation officer while in Florida because he "didn't have a way to contact her until, well, around that time."

On redirect, the Defendant clarified that he was only seeking application of the time he served on probation before his violation.

Following the proof, the Defendant's attorney argued that the new statute allowed a trial court to award time for the completion of probation prior to the violation. As such, the attorney requested that the trial court consider giving the Defendant credit from October 10, 2013 until June 27, 2019, the date the probation violation was filed.

After hearing the evidence, the trial court made the following findings:

[P]ending before the Court is a pro se motion for rehabilitation -- to be allowed to go to a rehabilitation facility and also initially a pro se motion now joined by counsel to modify the revocation order to give the [D]efendant credit for the time that he successfully served on probation.

The Court reviews the new statute, 40-35-311, the amendment to it under sub part (D)(2),[sic] to base the decision on whether to grant the [D]efendant any time for successfully completing or serving on probation to be – doesn't outline it, but the Court views that to be in the Court's discretion.

The Court recalls the hearing entailed in July, and the testimony at that time from Miss Wilkins from the Department of Probation was that the last successful visit by the [D]efendant was on October 9th of 2018.

A warrant was taken out July 2019 alleging absconding. The proof before the court is that the [D]efendant left the state of Tennessee, went to the state of Georgia, went to the state of Florida, and from 2000 -- October 9th, 2018, failed to report his whereabouts or failed to report to probation. The Court considers that in its discretion as reason not to grant your motion.

The Court does not consider -- the Court believes it could consider, but is not considering, the subsequent arrest and convictions in the state of Florida in making its decision. The Court does believe that that would also justify this reasoning that the Court specifically is ruling that the fact that the [D]efendant failed to report after October 9th, 2018, admitted he moved to

5

the state of Georgia and then admitted he moved to the state of Florida, never reported, was an absconder in the Court's discretion, respectfully denies your motion as to credit for time served on probation.

The court does not believe that it can order a rehabilitation program under the present circumstances that he is in the custody of TDOC, so that portion of the motion is denied as well.

It is from this judgment that the Defendant appeals.

## II. Analysis

On appeal, the Defendant does not challenge the trial court's finding that he violated the terms of his probation sentence by absconding from supervision. He challenges the trial court's ruling, however, as to the consequence of his violation. The Defendant asserts that the trial court abused its discretion by failing to award the Defendant "street time" credit and by failing to allow the Defendant to attend a rehabilitation program. The State responds that the trial court properly denied "street credit" and also properly denied a "furlough" for rehabilitation.

Appellate courts review a trial court's revocation of probation decision for an abuse of discretion with a presumption of reasonableness "so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequences on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). If a trial court fails to state its findings and reasoning for the revocation on the record, appellate courts may conduct a *de novo* review if the record is sufficiently developed, or the appellate court may remand the case for the trial court to make such findings. *Dagnan*, 641 S.W.3d at 759 (citing *State v. King*, 432 S.W.3d 316, 324 (Tenn. 2014)).

Probation revocation is a two-step consideration requiring trial courts to make two distinct determinations as to (1) whether to revoke probation and (2) what consequences will apply upon revocation. *Dagnan*, 641 S.W.3d at 757. No additional hearing is required for trial courts to determine the proper consequences for a revocation. *Id.* In probation revocation hearings, trial courts are required to place "sufficient findings and the reasons for its decisions as to the revocation and the consequences on the record." *Dagnan*, 641 S.W.3d at 759. We note that the trial court's findings do not need to be "particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful

review of the revocation decision." *Dagnan*, 641 S.W.3d. at 759 (citing *State v. Bise*, 380 S.W.3d 682, 705-06 (Tenn. 2012)). Upon review of the record, we conclude that the trial court made sufficient findings and reasons for its decisions as to the revocation and the consequences on the record.

"The trial judge may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." T.C.A. § 40-35-311(d)(1). "If the trial judge finds by a preponderance of the evidence that the defendant has violated the conditions of probation and suspension of sentence, then the court may revoke the defendant's probation and suspension of sentence, in full or in part, pursuant to § 40-35-310." *Id.* Notwithstanding subdivision (d)(1), the probation statute provides for two categories of probation violations, technical and non-technical, with differing penalties for both. *State v. Walden*, No. M2022-00255-CCA-R3-CD, 2022 WL 17730431, at *3 (Tenn. Crim. App. Dec. 16, 2022).

The following are classified as non-technical violations: a defendant's commission of a new felony or a new Class A misdemeanor, a zero tolerance violation as defined by the department of correction community supervision matrix, absconding, or contacting the defendant's victim in violation of a condition of probation. T.C.A. § 40-35-311(e)(2). Once a trial court determines that a defendant has committed a non-technical violation of probation, the trial court may: (1) order confinement for some period of time; (2) cause execution of the sentence as it was originally entered; (3) extend the defendant's probationary period not exceeding one year; (4) return the defendant to probation on appropriate modified conditions; or (5) resentence the defendant for the remainder of the unexpired term to a sentence of probation. *See id.* §§ 40-35-308(c); -310; -311(e)(2).

The trial court found that a condition of probation required that the Defendant notify his probation officer "before changing [his] residence or employment and get permission from [his] probation officer before leaving [his] county, residence, or the state." The Defendant's last home visit was on October 9, 2018. A warrant was issued June 27, 2019, because the Board of Probation and Parole did not know the Defendant's location. The trial court found that the Defendant left the State of Tennessee and went to Georgia and then went to Florida where he was arrested and incarcerated for two years. The only explanation for the Defendant's departure from Tennessee to Georgia was that he was "almost homeless." As to the subsequent trip/move to Florida, the Defendant testified that he went to Florida to see his daughter. During this time, the Defendant did not notify or contact his probation officer about his location. The Defendant was extradited from Florida to Tennessee on May 14, 2022. The trial court found that the Defendant's leaving the State of Tennessee from 2019 to 2022 constituted absconding, a violation of the Defendant's probation.

7

Next, at the probation hearing, the trial court considered the appropriate consequence and found that the Defendant's leaving the state without notice to the PO during his probation sentence and failing to report since June 27, 2019, were significant violations. The Defendant absconded for almost three years. The trial court noted that the Defendant's first contact with the State after he absconded was when the Defendant was taken into custody to be extradited to Tennessee. Given these circumstances, the trial court found "the appropriate resolution" was to order the Defendant to serve his original sentence in TDOC. The facts the trial court considered in this case indicate that measures less restrictive than confinement were unsuccessful for the Defendant, and the Defendant's absconding reflects poorly on the Defendant's potential for rehabilitation. See T.C.A. § 40-35-103(1)(C) & (5).

Due to the non-technical nature of the violation, the trial court was statutorily authorized to order the Defendant to serve the remainder of his sentence in incarceration. *See* T.C.A. § 40-35-311(e)(2). Accordingly, the trial court acted within its discretion when it ruled that the Defendant was no longer a good candidate for probation and should serve his sentence in the TDOC.

Following the revocation hearing, the Defendant filed a Rule 35 motion. The Defendant's motion requested that he be allowed to seek treatment in a rehabilitation facility. An amended motion requested that "the court [ ] reduce his sentence by granting [the Defendant credit] for successful completion of probation for the period of October 10th 2013 until June 27, 2019 for a total of 5 years 8 months and 18 days (2,087 days)." At the hearing, the trial court declined to award "street time" and stated that, because the Defendant was in TDOC, the trial court did not have the authority to order a "furlough" for the Defendant to attend a six to twelve-month in-patient rehabilitation program.

Rule 35 of the Tennessee Rules of Criminal Procedure provides, as follows:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

(d) Appeal. The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law.

According to the Advisory Commission Comments to Rule 35, "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, *Advisory Comm'n Cmts*. This court reviews a trial court's denial of a Rule 35 motion under an abuse of discretion standard. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006); *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009); *State v. Hall*, No. M2018-00096-CCA-R3-CD, 2019 WL 451368, at *1 (Tenn. Crim. App. Feb. 5, 2019), *no perm. app. filed*. "[A]n appellate court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *Ruiz*, 204 S.W.3d at 778 (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)).

The issue of the change, effective July 1, 2021, to Tennessee Code Annotated section 40-35-311(e)(2), with respect to allowing trial courts to reduce a sentence by the time successfully served on probation was not raised by the Defendant during the probation revocation hearing. After the trial court had ruled, an attorney in the court room interjected and pointed out the change in the statute allowing the trial court to consider crediting to his sentence the time the Defendant successfully completed on probation. Thereafter, the Defendant filed a Rule 35 motion, asking the trial court to consider crediting successful probation time that it had not considered during the revocation hearing.

After reviewing the record, we cannot conclude that the trial court abused its discretion in denying the Defendant credit for time successfully served on probation. The statute allows for trial court discretion in whether to credit to a defendant's sentence the time successfully served on probation. The trial court found that the Defendant's act of absconding after being given an opportunity for an alternative sentence and the seriousness of an almost three-year flight did not warrant another probation sentence. Furthermore, the Defendant's conduct clearly demonstrated his inability to comply with the conditions required for release into the community. He left Tennessee, went to Georgia, and then went to Florida for three years with no communication with his probation officer. Therefore, we conclude that the trial court did not abuse its discretion in denying the Defendant credit for the time the Defendant successfully served on probation prior to his absconding. The Defendant is not entitled to relief.

The Defendant contends that the trial court erred "as a matter of law when it ruled that [the Defendant]'s location in TDOC custody prevented it from modifying [the

Defendant's] sentence and reinstating him to probation with the condition that he enter a long-term rehabilitation program." The Defendant argues that Rule 35 gave the trial court authority to modify the sentence and, therefore, the trial court should have modified the TDOC sentence to probation with the requirement that the Defendant "enter a long-term rehabilitation program."

At the revocation hearing, the Defendant requested reinstatement to probation. The trial court declined to grant the Defendant a second term of probation based upon the seriousness of his violation and ordered the Defendant to serve his full sentence in the TDOC. At the Rule 35 hearing, the Defendant testified that he had been accepted to a six to twelve-month in-patient rehabilitation program. On appeal, the Defendant now contends that he wanted to be reinstated to probation so that he could enter the rehabilitation program. However, the record does not indicate that a request for reinstatement to probation was ever made at the Rule 35 hearing. Moreover, at the Rule 35 hearing, the State referred to the Defendant's request as a "furlough," and the Defendant lodged no objection to the reference to the request as a "furlough." The State's reference to the Defendant's request for inpatient treatment as a "furlough" provided the opportunity for the Defendant to clarify his intent that his probation sentence be reinstated, but no mention of reinstatement of probation was made at the hearing.

We agree with the Defendant that the trial court had the authority at the Rule 35 hearing to modify his sentence by reinstating probation. In our view, however, it is incumbent on the Defendant to request the relief they seek. The trial court considered probation at the Defendant's request during the probation revocation hearing and found the Defendant an unsuitable candidate for reinstatement to probation.

Although the trial court had authority to modify the Defendant's sentence from TDOC to probation, with a condition that the Defendant attend the in-patient rehabilitation program, the request before the trial court was to allow the Defendant to attend a six to twelve-month in-patient rehabilitation program during service of his TDOC sentence. In our view, the trial court did not overlook its authority to modify a sentence under Rule 35. It ruled upon the request to attend a rehabilitation program during incarceration in TDOC, and correctly ruled that it did not have authority to grant that request. *See* T.C.A. § 40-35-316(a) (authorizing sentencing courts to grant furloughs when a defendant has been sentenced to a local jail or workhouse); T.C.A. § 41-21-227(a) (authorizing TDOC to grant furloughs to defendants in its custody); *State v. Smith*, 909 S.W.2d 471, 474 (Tenn. Crim. App. 1995) (holding that the statutes do not confer upon a sentencing court the authority to control "how an executive agency charged with the custody and housing of prisoners treats a defendant who has received a sentence of confinement").

Therefore, we conclude that the trial court did not abuse its discretion when it denied the Defendant's request to attend a six to twelve-month in-patient rehabilitation program while serving his ten-year sentence in TDOC.

### III. Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE