# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 2, 2015, at Jackson

## STATE OF TENNESSEE v. MICHAEL ANTHONY SMITH

**Appeal from the Circuit Court for Humphreys County**
**Nos. 12542, 12723, & 12782     Larry J. Wallace, Judge**

---

### No. M2014-01930-CCA-R3-CD – Filed July 7, 2015

---

In a plea agreement encompassing several cases, the Defendant, Michael Anthony Smith, pleaded no contest to one count of theft of property valued over $1,000, one count of sale of a Schedule II drug, one count of sale of a Schedule IV drug, and one count of theft of property valued less than $500. In exchange for his plea, the State dismissed several charges against him. The trial court sentenced the Defendant to an effective sentence of nine years to be served on supervised probation. It also ordered that he successfully complete the 23rd Judicial Drug Court Program and pay restitution. Subsequently, the Defendant's probation officer filed a warrant, alleging that he had ceased to participate in the 23rd Judicial Drug Court Program. At a hearing, the Defendant admitted the violation, and the trial court revoked his probation and ordered him to serve the remainder of his sentence in confinement. On appeal, the Defendant contends that the trial court erred when it ordered him to serve his sentence in confinement. After a thorough review of the record and applicable law, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., joined.

Blake C. Kruse, Dickson, Tennessee, for the appellant, Michael Anthony Smith.

Herbert H. Slatery III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Wendell Ray Crouch, Jr., District Attorney General; and Craig Monsue, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

# I. Facts

This case arises from several indictments returned against the Defendant. In case number 12542, a Humphreys County grand jury indicted the Defendant for one count of theft of property valued between $1,000 and $10,000, and one count of criminal trespass. In case number 12723, a Humphreys County grand jury indicted the Defendant for one count of sale of a Schedule II drug, one count of possession or casual exchange of a Schedule IV drug, and two counts of sale of a Schedule IV drug. In case number 12782, a Humphreys County grand jury indicted the Defendant for theft of property valued under $500.

Pursuant to a plea agreement encompassing all the charges against him, the Defendant pleaded no contest to the following: in case number 12542, he pleaded to one count of theft of property valued between $1,000 and $10,000; in case number 12723, he pleaded to one count of sale of a Schedule II drug and one count of sale of a Schedule IV drug; in case number 12782, the Defendant pleaded to one count of theft of property valued under $500. The remaining charges against the Defendant were dismissed.

The trial court entered the sentence agreed to by the parties. It sentenced the Defendant to: five years of probation for the theft conviction in case number 12542; four years of probation for the sale of a Schedule II drug conviction; four years of probation for the sale of a Schedule IV drug conviction in case number 12723; and eleven months and 29 days of probation for the misdemeanor theft conviction in case number 12782, with the condition that he successfully complete the 23rd Judicial District Drug Court Program. The trial court ordered that the sentences in case number 12723 run concurrently with each other but consecutively to the sentence in case number 12542. The court further ordered that the sentence in case number 12782 run concurrently with the sentences in case numbers 12542 and 12723, making the total effective sentence nine years of probation.

On June 18, 2014, the Defendant's probation officer filed an affidavit alleging that the Defendant had violated his probation by failing to successfully complete the 23rd Judicial District Drug Court Program as ordered by the trial court. Based upon this affidavit, the trial court issued a warrant for the Defendant's arrest.

On August 27, 2014, the trial court held a hearing on the probation violation. The Defendant's attorney informed the trial court that the Defendant intended to admit the violation but wanted to be heard regarding the disposition of the remainder of his sentence.

The Defendant testified and waived his right to having the State prove that he had violated his probation. The Defendant stated that the trial court had sentenced him to nine years of probation with successful completion of drug court as a requirement of his probation. The Defendant said that he was "bipolar" and suffered from "depression" for which he required medication. He started taking the medication while he was in the Humphreys county jail, and he was still taking the medication at the time of the hearing.

The Defendant acknowledged that he had been "released" from drug court. He said that, after this, he "got upset" and "felt [he] was suicidal." The Defendant said that he needed "some kind of help" to address his mental health issues. He said that he had children that he wanted to help take care of and that he did not want to keep being a "nuisance to society." He noted that he had successfully completed probation in the past. He informed the trial court that he would "try to do better this time and do what [he was] supposed to do and complete a program."

During cross-examination, the Defendant testified that he never tried to talk about his mental health issues with the drug court representative. The Defendant acknowledged that he had previously been convicted of driving offenses, aggravated burglary, and theft of property, and that he had previously violated his probationary sentences for those other convictions. He said, however, that after that violation he was reinstated and, that he successfully completed his probationary sentence.

The Defendant stated that he had disclosed his mental health issues on his application for the Drug Court Program. The Defendant agreed that he had only stayed with the Drug Court Program for one week, but he blamed his mental health issues for his leaving. The Defendant agreed that, on his application to drug court, he stated in response to the question "Why do you want to be a participant in the 23rd District Drug Court Program":

> Because I don't want to mess my life up any more than it is. I have a family that loves me, my wife and kids. I want to get away from all the stuff I was doing, such as drugs and stealing. There are better thing in life to do. I can't lose my wife and kids. I need help. I have a problem. I will do everything in my power to change my life. I will follow all rules and regulations. Please give me a chance. You will not be sorry. I want a new life. This is not something I am being forced to do.

The Defendant said that he had every intention of completing the program when he entered.

3

Doug Beacham, an employee with the 23rd Judicial District Drug Court Program, testified that he worked with the Defendant for the two weeks he was enrolled in the program. For the duration of the time that the Defendant was in the program, Mr. Beacham could not "get him to follow a lot of the rules." The Defendant seemed to decide to do whatever he wanted whenever he wanted. Mr. Beacham said that the program had limitations on phone calls to three times per day. At one point, the Defendant made thirty calls in one day. The Defendant, he said, did not seem to care about the rules.

Mr. Beacham testified that he took the Defendant off all phone calls because of his inability to follow the rules. Mr. Beacham recalled that the Defendant never told him that he needed any type of medication, and the Defendant never went to a doctor's appointment while with the program. After a short period of time, the Defendant "packed his bags and ran." Mr. Beacham said that the Defendant's wife called the program and told them where the Defendant was located. Mr. Beacham went with others to transport the Defendant back to the program. While the Defendant was in a holding cell, he ripped out the ceiling of the cell and tore up a lot of "things." Mr. Beacham and his fellow employees decided that the Defendant was not fit for drug court at that point in time, and he was released from the program.

During cross-examination, Mr. Beacham testified that, when they apprehended the Defendant after he ran from the Drug Court Program, he claimed to be suicidal. Mr. Beacham reiterated that the Defendant never mentioned his need for a mental health assessment or expressed his desire for mental health treatment in the two weeks he was with the program.

Based upon this evidence, the trial court revoked the Defendant's probation, stating:

> Looking at the cases here, we had 12542, 1272[3], and one more case here, 12782. Basically, it was an effective nine year sentence when he pled out fully in April of 2014, and he lasted two weeks in the drug court program. Part of that was of his probation was to successfully complete that. He lasted two weeks, and now he's here in front of the Court asking for some other situation other than going to the penitentiary.
>
> Given his criminal history and him having already been on alternative forms of sentencing in his past, particularly in 2005 and 2006, and given the fact of him lasting two weeks in the drug court program, the Court believes under the circumstances that his probation needs to be fully

4

revoked and he's to serve the balance of his sentence. He's credited with any time he's got coming.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court's decision was an arbitrary one and that he should have been granted some form of an alternative sentence. He further avers that his revocation will not serve the ends of justice. The State responds that the trial court acted within its authority and soundly exercised its discretion. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the case before us, the Defendant admitted he had violated his probationary sentence and waived his right to challenge the allegations at a hearing. The Defendant's admission, as well as the record, provided substantial evidence to support the trial court's revocation of probation. After the trial court accepted the Defendant's admission, it

retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration.

The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing. *State v. Jeffrey A. Warfield*, No. 01C019711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of his probation by leaving the Drug Court Program after only two weeks. He refused to follow the program's rules, left without permission, and then, pending disposition of the matter of his leaving the program, destroyed property. Upon this basis, the drug court program released him. Accordingly, the trial court was justified in revoking the Defendant's probation. Further, it was within the trial court's authority to order the Defendant to serve his original sentence upon revoking the Defendant's probation. We conclude that the trial court did not err when it ordered the Defendant to serve the balance of his sentence incarcerated. The Defendant is not entitled to relief.

## III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE

6