IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2016

## STATE OF TENNESSEE v. AMERIUS JULIAN HARRIS

**Appeal from the Criminal Court for Putnam County**
**Nos. 11-0802 & 12-0280     Gary McKenzie, Judge**

_____

**No. M2015-01997-CCA-R3-CD – Filed June 1, 2016**

_____

The Defendant, Amerius Julian Harris, pleaded guilty to possession with the intent to sell of .5 grams or more of cocaine and possession of a Schedule VI drug with intent to sell, and the trial court sentenced the Defendant to an effective sentence of twelve years, suspended to supervised probation except for 180 days. A violation of probation warrant was issued, and the trial court revoked the Defendant's probation and ordered service of the balance of the sentence in confinement. The Defendant appeals, asserting that the trial court's decision to fully revoke his probation sentence was "too harsh." We affirm the trial court's judgment and remand for entry of a corrected revocation order in case number 12-0280.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Craig P. Fickling, District Public Defender and Benjamin D. Marsee, Assistant Public Defender, Cookeville, Tennessee, for the appellant, Amerius Julian Harris.

Herbert H. Slatery III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Victor H. Gernt, III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background**

On September 17, 2012, the Defendant pleaded guilty to possession of .5 grams or more of a Schedule II drug for resale and delivery, a class B felony. Pursuant to the plea agreement, the Defendant agreed to an eight year sentence with the manner of service to be determined at a sentencing hearing. While awaiting sentencing, the Defendant was charged with possession of Schedule VI drugs with intent to sell. On April 16, 2013, he pleaded guilty to the subsequent charge and, pursuant to a plea agreement, received a four-year sentence, consecutive to the eight-year sentence, for a total effective sentence of twelve years. The Defendant was ordered to serve 180 days of the sentence before being placed on supervised probation.

On September 14, 2015, the trial court held a probation revocation hearing. At the hearing, Nicole Brown, a Tennessee Department of Correction employee, testified that a violation of probation was filed with the court on July 11, 2014, due to the Defendant's new charges for felony evading arrest, reckless endangerment, and driving on a suspended license in Putnam County. Further, the Defendant had failed to report the June 28 arrest to his probation officer and failed to pay costs and fines.

Brian Tayes, a Cookeville Police Department detective, testified that on June 28, 2014, he was patrolling an area where residents had complained of drug activity. Detective Tayes observed a Cadillac with dark-tinted windows, and, when he turned his vehicle around, the Cadillac was gone. A pedestrian made contact with Detective Hayes and alerted him that the vehicle had driven through yards and parking lots to "g[e]t away." Detective Hayes continued patrolling the area and later found the same Cadillac in the parking lot of an apartment known for drug activity. Detective Hayes confirmed that the Cadillac was registered to the Defendant.

Detective Hayes testified that he waited at the end of the street, where approximately forty-five minutes later he saw the Cadillac driving toward him. Detective Hayes recalled that, "as soon as [the driver] seen me, it ran that stop sign and took off at a high rate of speed." After observing the vehicle run the stop sign, Detective Hayes engaged his emergency equipment and pursued the fleeing vehicle. Detective Hayes described the route the Cadillac took before returning to the apartment complex parking lot. He explained that this area had a lot of "foot traffic." He said that many people in the area did not own cars and walked where they needed to go. On this particular date, Detective Hayes observed numerous pedestrians in the areas where the Defendant was driving at a high rate of speed.

Detective Hayes testified that the Defendant drove "well above" the speed limit and was "all over the roadway." He said that the posted speed limit was fifteen miles per hour in some of the areas in which the Defendant was driving. He estimated that the Defendant was driving "at least" forty to fifty miles per hour. Once the Defendant had

2

looped back around to the apartment complex, he turned around and attempted to exit on the street that provided the only entrance and exit to the apartment building. Detective Hayes attempted to block the street with his patrol vehicle, and the Defendant rammed into the patrol vehicle and drove around the patrol vehicle before attempting to exit and flee on foot. Detective Hayes, with his gun drawn, ordered the Defendant to stop, and the Defendant put his car in drive and drove away. Detective Hayes sought warrants for the Defendant, and the Defendant was ultimately apprehended in Hardeman County, Tennessee.

Based upon this testimony, the trial court found by a preponderance of the evidence that the Defendant had violated the terms of his probation. The Defendant's attorney then argued for a sentence involving split confinement because the Defendant had "a reasonable track record on probation." The Defendant's attorney emphasized that the Defendant had never failed a drug screen during his probation sentence and, despite the pending violation warrant, continued to report to probation and "made some efforts" to pay court costs. The State asked the trial court to place the Defendant's sentence into effect because the Defendant's newest crimes placed other individuals in danger. After considering both the testimony at the hearing and arguments of the attorneys, the trial court ordered the Defendant to serve his twelve-year sentence, based upon the risk to both pedestrians and the law enforcement officer during the Defendant's flight. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant asserts that the trial court's revocation of his probation sentence was excessively harsh and that his probation sentence should have been reinstated. The State responds that the trial court acted within its authority and soundly exercised its discretion in revoking the Defendant's probation sentence. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as

3

appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. The Defendant, in his brief, does not contest the trial court's finding that he violated the terms of his probation; rather, he challenges the denial of alternative sentencing. After the trial court found that the Defendant had violated the terms of his probation; however, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration.

The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *Hunter*, 1 S.W.3d at 647. Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C019711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of his probation. While on probation, the Defendant was arrested for felony evading arrest, reckless endangerment, and driving on a suspended license. The Defendant failed to report these new arrests to his probation office as required under the terms of the probation. The facts underlying the new charges show that the Defendant engaged an officer in a high speed chase in a residential community during a time when there were numerous persons present and subject to harm. After the detective cornered the Defendant on a street, the Defendant rammed his vehicle into the detective's vehicle. The record supports the trial court's revocation of the Defendant's probation. Further, the trial court acted within its authority when it ordered the incarceration of the Defendant for the remainder of his original sentence. We conclude that the trial court did not err when it ordered the Defendant to serve the balance of his sentence incarcerated. The Defendant is not entitled to relief.

4

We remand to the trial court, however, for entry of a corrected revocation order in case number 12-0280 to indicate that the "conviction offense" is possession for sale of under .5 grams of cocaine, a Schedule II Controlled Substance, rather than "Possession of Schedule VI Drugs."

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment and remand for a corrected revocation order in case number 12-0280.

_____
ROBERT W. WEDEMEYER, JUDGE