IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2016

**STATE OF TENNESSEE v. JESSICA SCRONCE**

**Appeal from the Circuit Court for Hardeman County**
**No. 15-CR-147      J. Weber McCraw, Judge**

_____

**No. W2016-00066-CCA-R3-CD  -  Filed June 22, 2016**

_____

The Defendant, Jessica Scronce, pleaded guilty to theft of property valued between $10,000 and $60,000. Pursuant to the plea agreement, the trial court sentenced the Defendant to six years as a Range I, standard offender. The sentence was suspended after 120 days to be served on weekends. A violation of probation warrant was subsequently issued, and, after a hearing, the trial court revoked the Defendant's probation and ordered service of the balance of the sentence in confinement. The Defendant appeals the trial court's order that she serve her sentence in confinement. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Gary F. Antrican, District Public Defender and Shana Johnson, Senior Assistant Public Defender, Somerville, Tennessee, for the appellant, Jessica Scronce.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Mike Dunavant, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background**

On September 8, 2015, the Defendant pleaded guilty to theft of property valued between $10,000 and $60,000. Pursuant to the plea agreement, the Defendant agreed to a six year sentence, suspended after 120 days of service. The agreement included the provision that the Defendant be allowed to serve the jail sentence on the weekends.

A probation violation warrant was filed on October 8, 2015, based upon the Defendant's alleged failures to: meet with her probation officer; notify her probation officer of a change of residence; and to report to jail on the weekend to serve her sentence. On December 9, 2015, the trial court held a probation revocation hearing.

The Defendant testified at the hearing that she had failed to report to jail for service of her sentence. The Defendant stated that, if the trial court returned her to probation, she would stay at her mother's residence. She admitted that she did not go to her mother's residence upon her previous release from incarceration. Instead she went to her aunt's residence in Tipton County.

The Defendant testified that she did not report to the jail to serve her sentence because she was trying to obtain employment and she had four children in her care. She acknowledged that she "messed up" but asked the trial court to reinstate her probation sentence.

On cross-examination, the Defendant explained that, at the time she entered the guilty plea, she had planned for her sister to care for her children. Her sister, however, had since found herself in "trouble" and was unable to care for the Defendant's two children as well as her own two children, leaving the Defendant with four children in her care. The Defendant confirmed that she understood that she was to stay at her mother's residence upon her release following her guilty plea. She confirmed that she did not go to her mother's residence but to Tipton County. The Defendant stated that she did not make any attempt to notify her probation officer of her location or that she would be unable to report to the jail.

Based upon this evidence the trial court revoked the Defendant's suspended sentence finding that the Defendant "failed to abide by the orders of the Court" and "failed to cooperate in any way so she can serve her sentence." It is from this judgment that the Defendant appeals.

## II. Analysis

The Defendant asserts that the trial court abused its discretion when it revoked her probation sentence and failed to consider an alternative sentence. The State responds that the trial court acted within its authority and soundly exercised its discretion in revoking the Defendant's probation sentence. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses

the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. The Defendant, in her brief, does not contest the trial court's finding that she violated the terms of her probation; rather she challenges the denial of alternative sentencing. After the trial court found that the Defendant had violated the terms of her probation; however, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve her sentence in incarceration.

The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of her probation. The Defendant failed to report to her probation officer, failed to provide notice of a change in residence, and failed to report to jail to serve her sentence on weekends as ordered. The record supports the trial court's revocation of the Defendant's probation.

3

Further, the trial court acted within its authority when it ordered the incarceration of the Defendant for the remainder of the original sentence. We conclude that the trial court did not err when it ordered the Defendant to serve the balance of her sentence incarcerated. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4