IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2017

**STATE OF TENNESSEE v. XAVIER SANCHEZ SKAGGS**

**Appeal from the Circuit Court for Sullivan County**
**No. S55353      R. Jerry Beck, Judge**

_____

**No. E2016-01861-CCA-R3-CD**

_____

In 2008, the Defendant, Xavier Sanchez Skaggs, pleaded guilty to possession of contraband in a penal institution, and the trial court sentenced him to a suspended sentence of eight years, as a Range II offender. The trial court ordered this sentence to be served consecutively to other sentences being served by the Defendant. In 2016, the Defendant's probation officer filed an affidavit alleging that the Defendant had failed to regularly attend relapse prevention classes and that he also failed two drug screens. The Defendant pleaded guilty to violating his probation, and the trial court revoked his probation and ordered him to serve the balance of his sentence in confinement. On appeal, the Defendant contends that the trial court erred when it ordered him to serve his sentence in confinement because the trial court failed to address the Defendant's underlying problem of persistent drug use. After review, we affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and JOHN EVERETT WILLIAMS, J., joined.

Stephen M. Wallace, Public Defender, and M. Tyler Harrison, Assistant Public Defender, Blountville, Tennessee, for the appellant, Xavier Sanchez Skaggs.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Barry P. Staubus, District Attorney General; and Joseph Eugene Perrin, Deputy District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant possessing contraband while incarcerated in 2007. The indictment alleged that the Defendant took marijuana into a penal institution on October 7, 2007. For this offense, the Defendant pleaded guilty, and the trial court sentenced the Defendant as a Range II offender to eight years of probation. The trial court ordered that the Defendant's sentence run consecutively to the Defendant's prior sentences.

On July 14, 2016, the Defendant's probation officer filed an affidavit swearing that the Defendant had violated his probation. The probation officer alleged that the Defendant had failed a drug screen on May 16, 2016, for "oxy," cocaine, and marijuana, all of which the Defendant denied using. The probation officer further alleged that the Defendant had failed a second drug screen on June 29, 2016, for "oxy," cocaine, and marijuana, all of which the Defendant again denied using. The probation officer further alleged that the Defendant had failed to attend relapse prevention classes and had not taken required counseling classes. The trial court issued a warrant for the Defendant's arrest and appointed him legal counsel.

The trial court held a hearing on the Defendant's probation violation. At the hearing, the Defendant pleaded guilty to violating his probation. The Defendant stipulated that the facts contained in the affidavit were true. The Defendant testified that he was twenty-eight years old at the time of the hearing and lived with his grandmother. He had a two-year-old child whom he helped to support through his employment at Longhorn Restaurant. The Defendant said that, before being incarcerated, he worked approximately thirty hours a week. The Defendant admitted that he had failed two drug screens, explaining that it was "stressful out there." He said, however, that he took full responsibility for what he had done, had no new charges, and did not abscond.

The Defendant testified that, if returned to probation, he could pass a drug screen because he had not recently used drugs. He agreed that he had previously been convicted of introducing contraband into a penal institution and that he had been convicted of two other felonies: selling cocaine and reckless endangerment. The Defendant said he had several other misdemeanor convictions. He asked the trial court to reinstate his probation, saying that he had since learned that using drugs was not worth it.

During cross-examination, the Defendant agreed that he gave a statement to the trial court in 2007 in which he acknowledged that his drug use was a problem. In that statement, he asked the trial court for an alternative sentence. The Defendant agreed that, nine years later, he was again before the trial court acknowledging a drug problem and seeking leniency. The Defendant remembered he had also been convicted of evading arrest.

The Defendant agreed that the trial court had placed him at the John R. Hay House ("Hay House") to address his drug problems, but he said that there were "more drugs in the Hay House than on the street." He agreed that he left the Hay House without permission.

The State went through the Defendant's history of drug use while on probation, including that he had tested positive for marijuana, oxycodone, and opiates in 2012. The Defendant's probation officer did not file a probation violation affidavit at that time. In July 2013, he again tested positive for oxycodone. The Defendant's probation officer again did not file a probation violation affidavit. Instead, the probation officer referred him to a drug treatment program. In December 2013, the Defendant tested positive for benzodiazepine, oxycodone, and suboxone. At this point, the Defendant was found to have violated his parole and was sent to the Tennessee Department of Correction. He was released in April 2016 and in May 2016 he tested positive for marijuana, cocaine, and oxycodone.

The Defendant asserted that the drug treatment at the Hay House had "worked" but said that "everybody has down moments." When he had such a moment, he returned to using drugs.

After reviewing his criminal history, the Defendant agreed that in April 2007, he was convicted of possession of marijuana, and in July 2007, he was convicted of the sale of over .5 grams of cocaine, possession of cocaine, possession of marijuana, possession of alprazolam, and possession of drug paraphernalia. Also in July 2007, he was convicted of felony evading arrest, reckless endangerment, possession of marijuana, and driving without a driver's license.

The Defendant said that he met the people with whom he used drugs at his drug rehabilitation class. He said that their names were "Joshua" and "David" but that he did not know their last names. He testified that they both gave him drugs for free.

Upon this basis, the trial court held:

> The Defendant has a long history of convictions of criminal offenses, some felonies, some very serious felonies. The Defendant has, on previous to this particular offense, been violated for drug use both on probation and parole as I understand it. Then this one popped upon July the 6th, 2016, this warrant.
>
> The Court is aware that the law favors rehabilitation over

3

incarceration where possible or where results are likely to result in progress with the Defendant.

At this point, considering the history developed during the course of this hearing, [the Defendant] will be required to serve his sentence. And I believe it's eight years at . . . Range 2. He will receive credit for time served.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court abused its discretion when it ordered him to serve his sentence in confinement because "[s]ound discretion would have been to attempt to address the underlying problem of persistent drug use." The State counters that the trial court acted within its authority when it ordered the Defendant to serve the remainder of his original sentence in confinement. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

4

In this case, the Defendant admits that he violated his probation but suggests that the trial court erred when it ordered him to serve his sentence in confinement. The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at \*2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of his probation. The Defendant failed to comply with the requirements of his probation by not going to rehabilitation classes and by failing multiple drug screens. The Defendant has previously violated parole on multiple occasions. The trial court acted within its authority when it ordered the incarceration of the Defendant for the remainder of the original sentence.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

5