IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 28, 2017

**STATE OF TENNESSEE v. CECIL GLEN DOBBS, JR.**

**Appeal from the Circuit Court for Jefferson County**
**No. 12323-12324     O. Duane Slone, Judge**

_____

**No. E2017-00437-CCA-R3-CD**

_____

The Defendant, Cecil G. Dobbs, pleaded guilty to aggravated assault and theft of property valued at less than $500 in return for a sentence of seven years of split confinement with two years of incarceration followed by five years of probation.  A probation violation warrant was issued based upon subsequently incurred charges and, after a hearing, the trial court revoked the Defendant's probation sentence, ordering that he serve his sentence in confinement.  On appeal, the Defendant asserts that the trial court abused its discretion when it revoked his probation sentence and by "not allowing him to be heard" at the probation revocation hearing.  After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and J. ROSS DYER, J., joined.

Edward C. Miller, District Public Defender, and Rebecca V. Lee, Assistant Public Defender, Dandridge, Tennessee, for the appellant, Cecil Glenn Dobbs, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; James B. Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

On December 3, 2013, the Defendant entered guilty pleas to aggravated assault and theft of property valued at less than $500 in exchange for a seven-year sentence of split confinement with two years of incarceration followed by five years of probation.  In

October 2015, the Defendant's probation officer filed a probation violation report, alleging that the Defendant had violated the terms of his probation by failing to report, failing to report an arrest for Schedule III narcotics, possession of drugs, and failing to pay court costs and fees. The trial court issued a probation violation warrant, and later ordered the Defendant to serve seventy-five days before returning to probation.

In March 2016, the Defendant's probation officer issued another probation violation report, alleging that the Defendant had been arrested for burglary of a motor vehicle, possession of drug paraphernalia, and resisting arrest. The Defendant also allegedly failed to report the arrest to his probation officer. The trial court issued a probation violation warrant and, after the Defendant's arrest, the trial court held a probation revocation hearing. At the hearing, the Defendant pleaded guilty "to a violation of probation second offense." The trial court, based on the Defendant's history and the new violations, revoked the Defendant's probation sentence. It is from this judgment the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion by revoking his probation and violated his due process rights by "prohibiting the Defendant from presenting evidence." The State responds that the trial court acted within its discretion when, after determining that the Defendant had violated the terms of his probation, it revoked the probation sentence. The State further argues that nothing in the record indicates that the Defendant was precluded from testifying and/or presenting evidence. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. First, the Defendant's counsel informed the trial court that the Defendant agreed that he had violated the terms of his probation. In this case, there was no formal stipulation of a violation. We have, however, previously relied on the concessions of counsel that a violation took place in upholding a revocation. *State v. Glendall D. Verner*, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App., at Nashville, May 31, 2016), *perm. app. denied* (Tenn. Sept. 30, 2016). The Defendant's admission of a violation has itself been held to be "substantial evidence" that the violation took place. *Id.* (citing *State v. Yvonne Burnette*, No. 03C01-9608-CR-00314, 1997 WL 414979, at *2 (Tenn. Crim. App., at Knoxville, July 25, 1997); *see State v. Zantuan A. Horton*, No. M2014-02541-CCA-R3-CD, 2015 WL 4536265, at *3 (Tenn. Crim. App., at Nashville, July 28, 2015) (stating that a defendant who admitted violating the terms of his probation conceded an adequate basis for finding of a violation); *State v. Gordon Herman Braden, III*, No. M2014-01402-CCA-R3-CD, 2015 WL 2445994, at *2 (Tenn. Crim. App., at Nashville, May 22, 2015); *State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, 2004 WL 2008168, at *1 (Tenn. Crim. App., at Knoxville, Sept. 9, 2004) ("Essentially, then, the defendant conceded an adequate basis for a finding that he had violated the terms of probation.")).

In addition to the Defendant's admission, we find that the State presented adequate proof that he did, in fact, violate his probation. A requirement of the Defendant's probation was that he would obey all laws and ordinances and that he would report all new arrests to his probation officer. By the time of the hearing, the Defendant had been arrested and convicted of the attempted burglary and his probation officer had filed a probation violation report asserting the Defendant had failed to notify him of the new arrests; thus, the evidence supports the trial court's finding of a violation.

After the trial court found that the Defendant had violated the terms of his probation it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration. The determination of the proper consequence of a probation violation embodies a separate

exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

We conclude that the trial court did not abuse its discretion when it ordered the Defendant to serve the balance of his sentence in confinement. The Defendant was arrested and convicted of a new offense in violation of Tennessee law and failed to report the arrest to his probation officer. This, however, was not the Defendant's first violation. The Defendant, in 2015, had, among other violations, failed to report new arrests to his probation officer. After serving seventy-five days, the Defendant was afforded the opportunity to successfully complete his probation sentence, but he failed to do so. The record supports the trial court's order requiring the Defendant to serve the remainder of the original sentence incarcerated.

As to the Defendant's assertion that the trial court denied him the opportunity to present "any reasons why the trial court should not revoke his probation," we agree with the State that the Defendant did not raise a contemporaneous objection as required by Tennessee Rule of Appellate Procedure 36(a) to preserve the issue for appeal. Moreover, the Defendant never indicated any desire to present testimony or evidence at the probation revocation hearing. The record simply does not support this allegation nor does the Defendant identify anywhere in the record that supports his contention that he was denied the opportunity to testify or present evidence. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

- 4 -