IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2019

**STATE OF TENNESSEE v. JULIE PAUL**

**Appeal from the Circuit Court for Blount County**
**No. C25998      Tammy M. Harrington, Judge**

_____

**No. E2019-00256-CCA-R3-CD**

_____

The Defendant, Julie Paul, appeals the trial court's order imposing confinement after finding a violation of her probation sentence. In July 2018, the Defendant pleaded guilty to felony possession of methamphetamine in exchange for an effective six-year sentence and a $2,000 fine. The Defendant received a partially suspended sentence with 180 days of split confinement to be followed by an alcohol and drug evaluation upon her release. A probation violation warrant was issued alleging multiple violations and, after a hearing, the trial court revoked the Defendant's probation sentence, ordering additional split confinement of one year. On appeal, the Defendant asserts that the trial court abused its discretion when it ordered service of one year of confinement. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Julie Paul.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tyler B. Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

On July 16, 2018, the Defendant entered a guilty plea to possession of less than .5 grams of methamphetamine, a Class C felony. The trial court sentenced the Defendant to serve a six-year sentence with five years and six months of the sentence to be served on

supervised probation. On October 30, 2018, the Defendant's probation officer filed a probation violation report, alleging that the Defendant had violated the terms of her probation sentence by failing to: report, complete the court-ordered alcohol and drug assessment, maintain or seek employment, live at her stated address, and make court-ordered payments. The trial court issued a probation violation warrant, and a hearing was held on the allegations.

At the probation violation hearing, the Defendant admitted to violating the terms of her probation. Based upon her admission, the trial court found the Defendant had violated the conditions of her probation and revoked her probation sentence. The parties then presented the following evidence: The Defendant testified that she was released from jail on September 24, 2018, and attended a probation orientation. She agreed that her probation officer reviewed the "rules of probation" with her and that she understood the rules.

The Defendant agreed that she failed to report less than a month after the orientation. She stated that she did not report because she "went to get [her] disability started again." About her failure to complete an alcohol and drug assessment, she said she forgot to do it. The Defendant said that she had reported her sister's address as her place of residence but that she was displaced when her sister's landlord "come down from North Carolina . . . and had to stay and stuff." According to the Defendant, the landlord told the Defendant to leave, so she moved several doors down to a friend's house. She recognized that "[i]t was bad on [her] part" not to notify her probation officer of a residence change. The Defendant confirmed that she was arrested on the probation violation warrant on November 21, 2018, and had been incarcerated ever since. The Defendant denied having "a substance abuse problem."

The Defendant testified that, upon her release from jail, she believed she would be receiving her disability check again. She stated that she believed staying with her sister was unreliable given her previous experience but she offered that her "neighbor," a woman who resided in a house near her sister's house, had offered her a place to stay. The Defendant stated that she had a driver's license but did not own a car. She said that the "neighbor" who had offered her a place to live also offered to drive her "to probation or whatever." She attributed this to the fact that the neighbor was "a real Christian lady" who knew that the Defendant had "had a hard time."

On cross-examination, the Defendant agreed that she had a prior conviction for theft that involved a probation sentence. The Defendant violated that probation sentence twice. She further agreed that she had four other convictions for which she received probation sentences and that she violated those probation sentences and was required to serve "some jail time." The Defendant acknowledged that she could have "turned

[her]self in" on the violations at issue in this appeal but that she "got scared." Ultimately she was found and arrested by the police.

After hearing the evidence, the trial court stated:

> Defendant served 180 days to begin with, had a six-month split confinement. Was out of custody for approximately one month and then violated by basically disappearing. Didn't have a residence, wasn't reporting, all of those things. It would appear that the Defendant does have a history of being on probation and so this shouldn't have been a new concept.
>
> . . . .
>
> If she would have turned herself in . . . then I could see the [sixty or ninety days] because that's how long she was gone and then that's when she brought herself back in. But she didn't do that. She waited until she was picked up by the police.
>
> . . . .
>
> So, it's a six-year sentence. Going to revoke the Defendant. She's going to serve a year split confinement and return to supervised probation.
>
> . . . .
>
> I'll note for the record, . . . her demeanor was concerning to the Court. I did not think that she exhibited in any way an appreciation for the seriousness of her situation. Her demeanor was strange, given the circumstances.

It is from this judgment the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that the trial court abused its discretion when it ordered her to serve a year before returning to supervised probation. The State responds that the trial court acted within its discretion when, after determining that the Defendant had violated the terms of her probation, revoked the probation sentence and ordered her to split confinement. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The record in this case provided substantial evidence to support the trial court's revocation of probation. First, the Defendant admitted to the violations. The Defendant's admission of a violation has itself been held to be "substantial evidence" that the violation took place. *State v. Glendall D. Verner*, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App., at Nashville, May 31, 2016), *perm. app. denied* (Tenn. Sept. 30, 2016) (citing *State v. Yvonne Burnette*, No. 03C01-9608-CR-00314, 1997 WL 414979, at *2 (Tenn. Crim. App., at Knoxville, July 25, 1997); *see State v. Zantuan A. Horton*, No. M2014-02541-CCA-R3-CD, 2015 WL 4536265, at *3 (Tenn. Crim. App., at Nashville, July 28, 2015), *no perm. app filed* (stating that a defendant who admitted violating the terms of his probation conceded an adequate basis for finding of a violation); *State v. Gordon Herman Braden, III*, No. M2014-01402-CCA-R3-CD, 2015 WL 2445994, at *2 (Tenn. Crim. App., at Nashville, May 22, 2015), *no perm. app filed* ; *State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, 2004 WL 2008168, at *1 (Tenn. Crim. App., at Knoxville, Sept. 9, 2004), *no perm. app filed* ("Essentially, then, the defendant conceded an adequate basis for a finding that he had violated the terms of probation.").

After the trial court found that the Defendant had violated the terms of her probation, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve her sentence in incarceration. The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

We conclude that the trial court did not abuse its discretion when it ordered the Defendant to serve one year before returning to supervised probation for the remainder of her six-year sentence. The Defendant failed to report for her probation appointment, moved to another residence without providing the new address to her probation officer, failed to seek or obtain employment, and failed to pay court-ordered payments. She failed to take the court-ordered alcohol and drug assessment and denied any drug or alcohol abuse despite the fact that her underlying offense was based upon possession of drugs. Additionally, the Defendant had multiple prior violations of probation sentences. The record supports the trial court's order requiring the Defendant to serve one year of incarceration.

Accordingly, we conclude that the trial court correctly found that the Defendant had violated her probation and then, in its discretion, properly determined the consequence of the violation. Therefore, the Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE